UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
JOHN F. DUNN,                          )
also known as JACK DUNN,               )
                                       )
        Plaintiff,                     )        Civil Action No.
                                       )        10-11383-FDS
        v.                             )
                                       )
DAN BROWN and                          )
SIMON AND SCHUSTER, INC.,              )
                                       )
        Defendants.                    )
_____)

MEMORANDUM AND ORDER ON
REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

SAYLOR, J.

        This is a case alleging copyright infringement.  On August 12, 2010, plaintiff John F.

Dunn, proceeding *pro se*, brought this action against defendants Dan Brown and Simon and

Schuster, Inc.  The complaint alleges that plaintiff is the author of a book entitled *The Vatican

Boys*, and that defendants infringed on plaintiff's copyright by writing and publishing a novel

entitled *Angels and Demons*.  The matter was referred to Chief United States Magistrate Judge

Kenneth P. Neiman pursuant to 28 U.S.C. § 636(b)(1) for findings and recommendations.  On

August 16, 2011, the Chief Magistrate Judge issued a Report and Recommendation

recommending that defendants' motion for summary judgment be granted.  Plaintiff timely filed an

objection to the Report and Recommendation on August 29, 2011.

        In substance, plaintiff makes two objections to the Chief Magistrate Judge's Report and

Recommendation.  First, plaintiff contends that the Chief Magistrate Judge did not sufficiently analyze the text of the two books with regard to his claims of direct copying and substantial similarity.  Second, he contends that the Chief Magistrate Judge inappropriately relied on *Dunn v. Brown*, 517 F. Supp. 2d 541 (D. Mass. 2007) ("*Dunn I*").

Upon *de novo* review, the Court adopts the Report and Recommendation of the Chief Magistrate Judge.

## I.      The Sufficiency of the Textual Analysis

Plaintiff first contends that the Chief Magistrate Judge did not sufficiently analyze the text of the two novels with regard to his direct copying and substantial similarity claims.  While the Report and Recommendation did not systematically compare and analyze each line of both books, the Chief Magistrate Judge did provide representative examples of the type of textual similarities plaintiff contends amount to direct copying in violation of his copyright.  Report and Recommendation at 8-9.  The Chief Magistrate Judge concluded that these types of similarities were *de minimis* and not subject to copyright protection.  Report and Recommendation at 9; *see also Herzog v. Castle Rock Entmt.*, 193 F.3d 1241, 1257 (11th Cir. 1999).  Similarly, the Chief Magistrate Judge provided examples of what plaintiff contends amount to substantial similarities between the two books, concluding that such similarities were not substantial, but were "inherently subjective and unreliable."  Report and Recommendation at 10 (quoting *Herzog*, 193 F.3d at 1257).[1]

---

[1] This conclusion by the Chief Magistrate Judge illustrates the underlying flaw in plaintiff's probability analysis.  While plaintiff correctly explains the formula to determine the probability of randomly selecting the same order of six distinct items, plaintiff does not account for the ease of manipulating that formula by subjectively and unreliably defining each distinct item.

The Chief Magistrate Judge appropriately considered and analyzed the alleged direct textual copying and substantial similarities between the novels and concluded that plaintiff's copyright was not violated.  The Report and Recommendation will not be rejected simply because the Chief Magistrate Judge did not specifically refute every "tediously minute similarit[y]" presented.  *Id.*

## II.   Reliance on *Dunn 1*

Plaintiff further contends that the Chief Magistrate Judge inappropriately relied on analysis from *Dunn I*.  In that case, plaintiff brought an almost identical copyright claim alleging substantial similarities between *The Vatican Boys* and *The DaVinci Code*, which was dismissed on summary judgment.

As a general matter, it is entirely appropriate for judges to rely on relevant precedent, especially precedent that has substantial legal and factual similarities to the case before them.  This is particularly relevant here, where plaintiff had previously brought nearly a identical claim against the same defendants regarding a book allegedly involving the same characters and same related plot elements.  The Chief Magistrate Judge did not simply adopt all of the reasoning of *Dunn I* in lieu of conducting an analysis of the claims before him.  Rather, he appropriately considered *Dunn I* while analyzing plaintiff's current claims, and applied its legal analysis when presented with similar facts.  *Id.*  Thus, the Chief Magistrate Judge's reliance on *Dunn I* was entirely appropriate in the present circumstances.

## III.   Conclusion

For the foregoing reasons, and upon *de novo* review, petitioner's objections to the Report and Recommendation of the Chief Magistrate Judge are overruled, and the Report and

Recommendation is accepted by the Court pursuant to 28 U.S.C. § 636(b)(1).  Defendant's

Motion for Summary Judgment is GRANTED,

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:   September 26, 2011