UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN F. DUNN, a.k.a. JACK DUNN, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 10-11383-FDS |
| v. | ) ) | |
| DAN BROWN and SIMON AND SCHUSTER, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

### AMENDED MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND PLAINTIFF'S MOTION TO STRIKE

**SAYLOR, J.**

This is a case alleging copyright infringement. Plaintiff John F. Dunn, proceeding *pro se*, brought this action against defendants Dan Brown and Simon and Schuster, Inc., alleging that defendants infringed on plaintiff's rights as copyright holder of *The Vatican Boys* by writing and publishing the novel *Angels and Demons*. The matter was referred to United States Magistrate Judge Kenneth P. Neiman pursuant to 28 U.S.C. § 636(b)(1) for findings and recommendations. On August 16, 2011, the Magistrate Judge issued his Report and Recommendation, which recommended that defendants' motion to dismiss or, in the alternative, for summary judgment be granted. This Court adopted the Report and Recommendation. Plaintiff appealed, and the First Circuit affirmed this Court's order.

Defendants have moved for attorney's fees. Plaintiff has not filed an opposition and instead filed a motion to strike defendants' motion.

I.   **Analysis**

   A.   **Plaintiff's Motion to Strike**

Plaintiff contends that defendants' motion should be struck because (1) it is untimely and (2) a motion for attorney's fees is inappropriate because he appealed the case to the First Circuit. Both contentions are without merit.

The Court extended the deadline for defendants' motion for attorney's fees to October 21, 2011, and defendants' filed their motion on October 14. Accordingly, their motion was timely filed. Furthermore, entry of a notice of appeal does not divest this Court of jurisdiction to award attorney's fees. *United States v. Hurley*, 63 F.3d 1, 23 (1st Cir. 1995) ("[E]ven after the appeal is filed the district court retains authority to decide matters not inconsistent with the pendency of the appeal. A district court may, for example, determine attorneys' fees after an appeal has been taken or act in aid of execution of a judgment that has been appealed but not stayed." (citations omitted)).

Plaintiff's motion to strike defendants' motion for attorney's fees will therefore be denied.

   B.   **Whether Fees Are Warranted under 17 U.S.C. § 505**

The Copyright Act authorizes the court in its discretion to award reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505; *accord Garcia-Goyco v. Law Envt'l. Consultants, Inc.*, 428 F.3d 14, 22 (1st Cir. 2005) ("We will disturb a ruling under section 505 only if the record persuades us that the trial court indulged in a serious lapse in judgment."). In the context of copyright law, attorney's fees should be awarded if doing so will assist in clearly demarcating the boundaries of copyright law, and thus promote the underlying purpose of the Copyright Act

"of enriching the general public through access to creative works." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527, 534 & n.19 (1994). In making this determination, courts should consider, among other things, the "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case)" of the claim, and "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n. 19 (quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (3d Cir. 1986); *see also Lotus Dev. Corp. v. Borland Intern., Inc.*, 140 F.3d 70, 73 (1st Cir. 1998).

Plaintiff's claims here may have been unreasonable, but they were not obviously frivolous. Furthermore, although he is clearly passionate about his claims, there is nothing to indicate that his motives are improper. Thus the Court will focus on the objective reasonableness of plaintiff's claims and whether an award of attorney's fees is desirable to compensate defendants and promote deterrence. *See Yankee Candle Co. v. Bridgewater Candle Co., LLC*, 140 F. Supp. 2d 111, 115-16 (D. Mass. 2001) ("An unreasonable claim need not be frivolous to be compensable, nor does a finding of unreasonableness imply culpability on the part of the losing party." (citing *Matthews v. Freedman*, 157 F.3d 25, 29 (1st Cir. 1998), and *Lieb*, 788 F.2d at 155). "To determine objective unreasonableness, a court must examine the factual and legal assertions advanced by the non-prevailing party and determine whether they were reasonable." *Id.*

Here, plaintiff brought this action after having litigated a nearly identical copyright claim against defendants—alleging substantial similarities between *The Vatican Boys* and *The DaVinci Code*—that was dismissed on summary judgment. By granting summary judgment in both cases, this Court found that "[n]o reasonable juror acting as an ordinary observer could have

found the [works] to be substantially similar." *Id.* at 116. "Plaintiff's choice to bring such a factually weak claim"—especially after having unsuccessfully litigated another virtually identical claim—"is a relevant consideration in the determination of whether to award attorneys' fees." *Id.* (citing *Matthews*, 157 F.3d at 29). Given these circumstances, plaintiff's claims in this case were objectively unreasonable. *See, e.g.*, *Scott v. Meyer*, 2010 U.S. Dist. LEXIS 69308, at *7-*8 (C.D. Cal. June 21, 2010) (concluding that plaintiff's claims were "objectively unreasonable" where plaintiff maintained her claims "for protracted period of time" after being notified that her claims were "without evidentiary support").

Furthermore, given the facts presented here, an award of attorney's fees in this case would support considerations of compensation and deterrence. As discussed, plaintiff has brought two substantially similar meritless copyright claims against the same defendants regarding the same book. "[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate" those defenses rather than settle. *Fogerty*, 510 U.S. at 527. In so doing, copyright defendants play an important role in "preventing copyright owners from restricting rightful publications." *Edwards v. Red Farm Studio Co.*, 109 F.3d 80, 83 (1st Cir. 1997) (citing *Fogerty*, 510 U.S. at 534 n.19). "[A]n award of costs and fees is crucial here, so as to deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose." *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006).

C. **Reasonableness of the Fees**

In determining the reasonableness of fees, the First Circuit follows "the 'lodestar'

4

approach, which calculates reasonable attorneys' fees as 'the number of hours reasonably expended multiplied by a reasonable hourly rate.'" *Comcast of Mass. I, Inc. v. Naranjo*, 303 F. Supp. 2d 43, 50 (D. Mass. 2005) (quoting *Furtado v. Bishop*, 635 F.2d 915, 920 (1st Cir. 1980)). A reasonable hourly rate is measured according to the prevailing market rates in the relevant community and by considering factors such as "the type of work performed, who performed it, the expertise that is required, and when it was undertaken." *Mountain Cable Co. v. Choquette*, 53 F. Supp. 2d 107, 114 (D. Mass. 1999) (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 951 (1st Cir. 1984)). To determine the number of hours reasonably spent, the Court must subtract from the number of hours actually spent hours which were "duplicative, unproductive, excessive, or otherwise unnecessary." *Id.* (quoting *Grendel's Den*, 749 F.2d at 950).

This figure represents the lodestar; the Court may adjust the lodestar upward or downward to reflect other factors, including the result obtained and the time and labor actually required to handle the matter efficiently. *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008); *Coutin v. Young & Rubicam, P.R., Inc.*, 124 F.3d 331, 339 (1st Cir. 1997); *Choquette*, 53 F. Supp. 2d at 114-16 (citing *Grendel's Den*, 749 F.2d at 951).

Defendants have requested $55,114 in attorneys' fees and $295.85 in costs. Defendants' counsel charged on average approximately $449 per hour. Counsel for defendants have provided detailed time records for their work on this case. The Court is unable to point to any individual entries that appear to be obviously "duplicative, unproductive, excessive, or otherwise unnecessary" in relation to the specific tasks plaintiff's counsel completed. Thus, $55,114 is a reasonable initial "lodestar" calculation.[1]

---

[1] Defendants listed costs of $295.85 are the types of expenses customarily charged to clients and are therefore appropriate. *See Invessys, Inc. v. McGraw-Hill Companies, Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004).

That is not, however, the end of the inquiry. The Court must next consider whether to adjust the lodestar in light of the results obtained in this case and "the time and labor actually required for the efficacious handling of the matter." *Torres-Rivera*, 524 F.3d at 336. The First Circuit has directed courts to consider, in combination, three definitions of "results obtained": (1) a party's success on each claim, (2) the societal importance of the rights at issue, and (3) the relief actually achieved. *Coutin*, 124 F.3d at 338. "When determining the number of billable hours to allow, a court 'has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort.'" *Mogilevsky v. Bally Total Fitness Corp.*, 311 F. Supp. 2d 212, 218 (D. Mass. 2004) (quoting *Guckenberger v. Boston Univ.*, 8 F. Supp. 2d 91, 99-100 (D. Mass. 1998)); *accord United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988). The determination of reasonable fees is largely a matter of the court's informed judgment. *Torres-Rivera*, 524 F.3d at 336; *Coutin*, 124 F.3d at 340. Thus, as the First Circuit has stated, "[t]he trial court's discretion in respect to fee awards is extremely broad." *Lipsett v. Blanco*, 975 F.2d 934, 937 (1st Cir. 1992).

As discussed, defendants successfully moved to dismiss the action. Given the nature of the works at issue, defense counsel presumably had to spend some time reading and analyzing the content of the two books. However, the case was dismissed before discovery during the early stages of litigation. Furthermore, the case presented relatively straightforward legal issues that the parties had already litigated in a nearly identical earlier proceeding. Considering "the time and labor actually required for the efficacious handling" of this relatively straightforward case, *see Torres-Rivera*, 524 F.3d at 336, in conjunction with the adjustment factors identified by the First Circuit, *see Coutin*, 124 F.3d at 337 & n.3, 340, the Court concludes that a 60%

reduction in fees is appropriate. Accordingly, defendants will be awarded $22,045 in attorney's fees.

## II.     Conclusion

For the foregoing reasons, defendants are awarded $22,045 in reasonable attorney's fees and $295.85 in reasonable costs with interest as provided by law.

**So Ordered.**

/s/ F. Dennis Saylor<br>
F. Dennis Saylor IV<br>
United States District Judge

Dated:  June 27, 2012